UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEBRIAN BURRELL, | ) | 1:12CV2233 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE CHRISTOPHER BOYKO |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| KEITH SMITH, | ) | |
| Warden, | ) | |
| | ) | AMENDED |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

The petitioner Lebrian Burrell ("Burrell") filed a petition through counsel for a writ of habeas corpus arising out of his 2010 conviction for rape, in the Cuyahoga County (Ohio) Court of Common Pleas.  (Doc. 1.)  In his petition, Burrell raises three grounds for relief:

1. Sixth and Fourteenth Amendment. [Guilty plea].

2. Fourteenth Amendment.  [Guilty plea].

3. Sixth Amendment.  [Consecutive sentencing].

(Doc. 1, § 12.)  The respondent has filed a Return of Writ (doc. 7), and Burrell has filed a Traverse (doc. 8).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural

background:

> The Cuyahoga County Grand Jury indicted Burrell on 36 counts,
> which included numerous counts of rape and kidnapping and one count
> of gross sexual imposition.  The charges arose from Burrell's rape of
> five children under the age of 13 numerous times over the years.
>
> Burrell entered a plea to five counts of rape.  All the remaining counts
> were dismissed, and Burrell agreed to a minimum 25 year sentence
> with the option for the trial court to impose a greater sentence.  After
> hearing from the victims' mothers and Burrell's grandmother, the trial
> court sentenced Burrell to six years on each count to be served
> consecutively for a total of 30 years in prison.  The trial court also
> classified Burrell as a Tier III sex offender.

(Doc. 7, RX 8, at 1; State v. Burrell, No. 95512, 2011 WL 2112736, at *1 (Ohio Ct.

App. May 26, 2011).)

Burrell timely appealed his plea and sentence, presenting six assignments of

error:

> 1.  Defendant was denied due process of law when the court did not
> properly determine that defendant understood the nature of the
> offense.
>
> 2. Defendant was denied due process of law when the court failed to
> inform the defendant as to the effect of a plea of guilty.
>
> 3. Defendant was denied due process of law when the court, in a
> sentencing entry assessed court costs when there was no
> pronouncement of court costs at the time of sentencing.
>
> 4. Defendant was denied due process of law when the court imposed a
> sentence based upon arbitrary considerations.

5. Defendant was denied his constitutional rights under the Sixth and Fourteenth Amendments when the court based its sentence on fact[s] neither alleged in the indictment nor admitted by defendant at the time of the plea.

6. Defendant was denied due process of law when the court imposed consecutive sentences without any proper findings.

(Doc. 7, RX 6.)  The court of appeals sustained the third assignment of error, pertaining to court costs, and remanded to the trial court for Burrell to seek a waiver of court costs.  However, the remaining assignments of error were overruled, and Burrell's conviction and sentence were affirmed.  (Doc. 7, RX 8; Burrell, 2011 WL 2112736.)

Burrell appealed to the Supreme Court of Ohio, and set forth the following five propositions of law:

1.  A defendant has been denied due process of law when the court, in accepting a plea guilty, does not properly determine that a defendant understands the nature of the offenses.

2. A defendant has been denied due process of law when the court fails to inform a defendant concerning the effect of his plea of guilty.

3.  A defendant has been denied due process of law when the court, imposes a sentence based upon arbitrary consideration.

4. A defendant has been denied his constitutional rights under the Sixth and Fourteenth Amendments when the court bases a sentence on facts neither alleged in the indictment nor admitted by a defendant at the time of the plea.

6. A defendant has been denied due process of law when the court imposes a consecutive sentence without any proper findings.

3

(Doc. 7, RX 13.)  On Nov. 16, 2011, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 7, RX 15; State v. Burrell, 130 Ohio St.3d 1437, 957 N.E.2d 300 (2011).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court.  *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

### III.  GUILTY PLEA

The first two grounds of the petition challenge the validity of the petitioner's guilty plea.  In support of the first ground, Burrell states:

> Petitioner entered pleas of guilty to various counts of a multi-count indictment. At no time did the court determine that the petitioner understood the nature of the offenses and thus he was denied due process of law.

(Doc. 1, §12.A.)  In support of the second ground, Burrell states:

5

Petitioner entered pleas of guilty to various counts of the indictment.
However, the court, in accepting petitioner's plea[,] failed to advise
petitioner as [to] the effect of a plea of guilty, which, under the law,
would be a complete admission of guilt.

(Doc. 1, §12.B.)

The state court of appeals rejected these claims, ruling as follows:

In Burrell's first assigned error he argues his plea was not knowingly,
intelligently, and voluntarily entered because the trial court failed to
advise him as to the nature of the offenses to which he was pleading.
More specifically, he argues the trial court failed to explain what
"sexual conduct" he allegedly committed as set forth in the rape
indictments and which victim was involved.

Courts have divided Crim.R. 11 rights into constitutional and
nonconstitutional rights.  Concerning constitutional rights, courts
must strictly comply with Crim.R. 11 mandates; for nonconstitutional
rights, the standard is substantial compliance.  State v. Stewart
(1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.  "Substantial compliance
means that under the totality of the circumstances the defendant
subjectively understands the implications of his plea and the rights he
is waiving.  Furthermore, a defendant who challenges his guilty plea
on the basis that it was not knowingly, intelligently, and voluntarily
made must show prejudicial effect." State v. Nero (1990), 56 Ohio St.3d
106, 564 N.E.2d 474.

Courts are not required to explain the elements of each offense, or to
specifically ask the defendant whether he understands the charges,
unless the totality of the circumstances shows that the defendant does
not understand the charges.  State v. Kavlich (June 15, 2000),
Cuyahoga App. No. 77217, citing State v. Rainey (1982), 3 Ohio App.3d
441, 442, 446 N.E.2d 188; State v. Swift (1993), 86 Ohio App.3d 407,
412, 621 N.E.2d 513, jurisdictional motion overruled (1993), 67 Ohio
St.3d 1410, 615 N.E.2d 1044; State v. Burks (Nov. 13, 1997), Cuyahoga
App. No. 71904.

In the instant case, the totality of the circumstances indicates that
Burrell understood the charges against him.  Before the court
explained the rights he would be waiving, the court instructed him to
interrupt the proceedings at any time if there was anything he did not
understand.  The court then advised him of his constitutional rights,

and he indicated that he was pleading guilty of his own free will, that he was satisfied with his attorney, and that no threats or promises were made to induce his plea.

The court read the indictment for the five counts, each which contained the following language "On or about January 2, 2007, to February 9, 2009, and in Cuyahoga County, you unlawfully did engage in sexual conduct with Jane Doe * * *, who is not your spouse and whose age at the time of the sexual conduct was less than 13 years, whether or not you knew her age." After reciting the language in the indictments, the court asked, "how do you plead to those five counts as I have read them to you." Burrell responded, "guilty." At no time did he appear to be confused regarding the elements of the offenses or who the victims were.  Thus, the trial court did not err by failing to detail the exact sexual conduct that Burrell engaged in with the victims.  Accordingly, Burrell's first assigned error is overruled.

Effect of Guilty Plea

In his second assigned error, Burrell argues that his guilty plea was invalid because the court failed to inform him of the "effect" of his plea as required by Crim.R. 11(C)(2)(b).

Crim.R. 11(C)(2)(b) states that the court shall not accept a guilty plea without first ensuring that "the defendant understands the effect of the plea of guilty or no contest." The "effect" of a guilty plea is that the plea constitutes a complete admission of the defendant's guilt.  See Crim.R. 11(B)(1).

The court did not advise Burrell that the effect of his guilty plea would be a complete admission of his guilt, but the error was harmless.  The rights contained in Crim.R. 11(C)(2)(b) are nonconstitutional, so Burrell is required to show that he suffered some prejudice from the court's omission.  See State v. Jones, 116 Ohio St.3d 211, 2007–Ohio–6093, 877 N.E.2d 677, at ¶ 52; State v. Taylor, Cuyahoga App. No. 94569, 2010–Ohio–5607.  He makes no argument that he was prejudiced by the court's failure to advise him of the effect of his guilty plea, nor is any prejudice apparent on the record.  At no time during the plea proceedings did Burrell assert his innocence or in any other way indicate that he was unaware that his plea would constitute a complete admission of his guilt.  Hence, the totality of the circumstances show no prejudice from the court's failure to comply with Crim.R. 11(C)(2)(b). Jones at ¶ 54; State v. Esner, Cuyahoga App.

7

No. 90740, 2008–Ohio–6654. Accordingly, Burrell's second assigned error is overruled.

(Doc. 7, RX 8, at 1-5; Burrell, 2011 WL 2112736, at *1-*2.)

The respondent argues that the first two counts should be dismissed because Burrell alleged state law violations only.  (Doc. 7, at 15.)  However, Burrell did rely on federal law in part, citing several U.S. Supreme Court cases, in arguing a due process violation on appeal.  (Doc. 7, RX 6, at 5-7.)  The court will not dismiss the claims on that basis.

The respondent also contends that, even if Burrell argued a constitutional due process violation, the record demonstrates that "Burrell's plea was entirely voluntary."  (Doc. 7, at 15-16.)  Further, the respondent claims that Burrell cannot show that he misunderstood the nature of the charges, or the effect of his plea. (Doc. 7, at 17.)

In his traverse, Burrell argues that the court, in accepting his plea, "made no determination that petitioner understood the nature of the offenses."  (Doc. 8, at 2.) He contends that "none of the alleged victims were identified other than by 'Jane Doe.'" Id. at 4.  In addition, he argues that the indictment only alleged that he engaged in "sexual conduct," with the victims, without more specificity.  Id. "Therefore it cannot be said petitioner understood the nature of the offense which was a constitutional requirement."  Id.

Burrell further contends that "the plea was unconstitutional because the court never made a determination that petitioner knew the effect of a plea of

guilty." (Doc. 8, at 6.)  He claims that the state court did not properly inform him concerning the effect of his pleas, as required by Ohio Crim. Rule 11(B)(2).  Id.

The Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid.  DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 544 U.S. 921 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)).  See generally Parke v. Raley, 506 U.S. 20, 28-29 (1992) (beyond dispute that plea must be knowing and voluntary); North Carolina v. Alford, 400 U.S. 25 (1970); Boykin v. Alabama, 395 U.S. 238 (1969).  Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)).

Burrell had received a copy of the indictment, see doc. 7, RX 1, which gives rise to a presumption that he was informed of the nature of the charges against him.  Bousley v. United States, 523 U.S. 614, 618 (1998).  In the 36-count indictment, Burrell was charged with numerous counts of rape and kidnapping, and one count of gross sexual imposition, against five separate victims under the age of thirteen.  The individual minor defendants were each identified separately (as

9

"Jane Doe I," "Jane Doe II," etc.) by means of their birthdates.  (Doc. 7, RX 1; RX 16, at 3-4.)

Under the plea agreement, Burrell agreed to plead guilty to five counts of rape (one per victim), and the remaining counts were dismissed.  (Doc. 7, RX 3; RX 16, at 4-5.)  The record establishes that Burrell discussed the charges with his attorney before entering his guilty plea.  (Doc. 7, RX 16, at 7-8.)  Under those circumstances, "it is appropriate to presume that defense counsel explained the nature of the offense in sufficient detail to give [defendant] notice of what he was asked to admit."  Whitley v. Lecureux, 811 F.2d 608, 1986 WL 18487, at *2 (6th Cir. 1986) (TABLE, text in WESTLAW) (per curiam) (citing Berry v. Mintzes, 726 F.2d 1142, 1147 (6th Cir. 1984); Henderson v. Morgan, 426 U.S. 637, 647 (1976)).  See also Moviel v. Smith, No. 1:08CV1612, 2010 WL 148141, at *8-*9 (N.D. Ohio Jan. 12, 2010) (citing Henderson), aff'd, No. 10-3334, 2012 WL 1940321 (6th Cir. May 29, 2012); West v. Bradshaw, No. 1:06CV1123, 2007 WL 2780506, at *7-*8 (N.D. Ohio Sept. 24, 2007) (presumed to have been informed adequately by counsel of charge "even when the record is devoid of an explanation of the charge by the judge").

Burrell relies on Henderson v. Morgan for the theory that his plea was not knowingly, voluntarily or intelligently entered because the court did not explain the elements of the offense(s) to him.  The "unique" case in Henderson involved a plea of guilty to second-degree murder by a "retarded" teenager who had stabbed a woman who had awoken while he was in her room to recover money that he believed was rightfully his.  Henderson, 426 U.S. at 641-642, 647.  He had been indicted for first-

10

degree murder, but in entering his plea had not been informed of the "intent" element of second-degree murder. (The teen had maintained that he "meant no harm to that lady" when he entered her room. Id. at 643.) The Court stated that:

> There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume it does not. Nevertheless, intent is such a critical element of the offense of second-degree murder that notice of that element is required.

Henderson, 426 U.S. at 647 n.18.

> The Court in Henderson recognized that:

> . . . it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent. Moreover, respondent's unusually low mental capacity provides a reasonable explanation for counsel's oversight; it also forecloses the conclusion that the error was harmless beyond a reasonable doubt, for it lends at least a modicum of credibility to defense counsel's appraisal of the homicide as a manslaughter rather than a murder.

Henderson, 426 U.S. at 647. In that context, the Court found that petitioner did not receive adequate notice of the offense, and found his plea was involuntary. Id.

In the more recent case of Bousley v. United States, the Court noted that, where a defendant is provided with a copy of his indictment, it "give[s] rise to a presumption that the defendant was informed of the nature of the charge against him." Bousley, 523 U.S. at 618; see also Marshall v. Lonberger, 459 U.S. 422, 437 (1983); Williams v. Wolfenbarger, No. 12–1281, 2013 WL 362746, at *4 (6th Cir. Jan. 30, 2013), cert. denied, 133 S.Ct. 2866 (2013). In Bousley, however, the court

11

actually misinformed the defendant of the elements of the offense.  Bousley, 523 U.S. at 618-619.  No such error is alleged here.

As to the "effect" of his guilty plea, counsel for Burrell stated during the plea hearing that Burrell was "aware of the possible penalties that may be imposed upon him."  (Doc. 7, RX 16, at 7.)  The court informed Burrell of the constitutional rights he was giving up by pleading guilty, and Burrell stated that he understood that he was giving up those rights.  Id. at 9.  The judge informed him of the penalties for the offenses, and the agreed minimum term of imprisonment ("you will serve at least a minimum sentence of 25 years"), and Burrell assented that he understood.  Id.  Burrell also stated that he understood the post-release control and sexual offender registration requirements.  Id. at 9-10.  The records shows that Burrell indicated he understood the consequences of his plea of guilty.

The record shows that Burrell understood the charges against him, understood the consequences of a guilty plea, and voluntarily chose to plead guilty, without being coerced to do so, see doc. 7, RX 16, at 7-13, which renders his plea constitutionally valid.  Although Burrell claims that the state court did not properly inform him concerning the effect of his pleas, as required by Ohio Crim. Rule 11(B)(2), (doc. 8, at 6), that is an alleged error of state law, which is not properly before this court.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

12

Williams, 529 U.S. at 412-413.  Burrell has not established that the state court
decision was contrary to, or involved an unreasonable application of, clearly
established federal law.  The court does not find that the appellate court's ruling
that the trial court  satisfied the constitutional requirements for accepting the plea
was contrary to, or involved an unreasonable application of, clearly established
federal law.  See generally doc. 7, RX 16 (transcript of plea hearing).  The petition
should not be granted on the basis of the first or second grounds.


## IV.  SENTENCE

The third ground of the petition alleges a Sixth Amendment violation,
namely:

> Petitioner's sentence was based upon the court making an arbitrary
> consideration and based on facts neither alleged in the indictment nor
> admitted by petitioner at the time of his pleas.  In addition, the court
> improperly imposed a consecutive sentence without proper findings.

(Doc. 1, §12.C.)  These claims were the basis of three assignments of error on direct
appeal, and the state court of appeals addressed them as follows:

> In his fourth and fifth assigned errors, Burrell argues the trial court
> failed to consider the criteria set forth in R.C. 2929.12(B) regarding the
> seriousness of the offenses in imposing the 30–year prison sentence
> and relied upon facts outside the record.

> Appellate courts review sentences by applying a two-prong approach
> set forth by the Ohio Supreme Court in State v. Kalish, 120 Ohio St.3d
> 23, 2008–Ohio–4912, 896 N.E.2d 124.  First, we must determine
> whether the sentencing court complied with all applicable rules and
> statutes in imposing the sentence to determine whether the sentence is
> contrary to law.  Kalish at ¶ 4.  If the sentence is not contrary to law,
> we then review the trial court's decision under an abuse-of-discretion

standard.  Id.  The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  State v. Adams (1980), 62 Ohio St .2d 151, 157, 404 N.E.2d 144.

Burrell argues that in imposing the sentence, the trial court failed to consider the seriousness and recidivism factors set forth in R.C. 2929.12.  Pursuant to the holding in Foster, trial courts are no longer required to make findings or give reasons for imposing the sentence; however, R.C. 2929.11 and 2929.12 remain operative.  While R.C. 2929.11 and R.C. 2929.12 remain operative, the court is not required to make findings pursuant to R.C. 2929.11 and R.C. 2929.12; it need only consider these provisions.  State v. Nolan, Cuyahoga App. No. 90646, 2008–Ohio–5595; State v. Page, Cuyahoga App. No. 90485, 2008–Ohio–4244; State v. McSwain, Cuyahoga App. No. 90358, 2008–Ohio–3661; State v. Garrett, Cuyahoga App. No. 90428, 2008–Ohio–3549.

In the instant case, the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 because the sentencing journal entry reads in part: "The court considered all required factors of the law.  The court finds that prison is consistent with the purpose of R.C. 2929.11." This is enough to show the trial court considered the factors in R.C. 2929.12.  Cf. State v. Harris, Cuyahoga App. No. 90699, 2008–Ohio–5873, ¶ 103; State v. Snyder, Cuyahoga App. No. 90869, 2008–Ohio–5586; Nolan.  Additionally, Burrell's 30–year sentence was within the permissible statutory range for his crimes.  He could have received 50 years.  Because the court imposed a sentence within the statutory range and considered R.C. 2929.11 and R.C. 2929.12 in imposing the sentence, the sentence is not contrary to law.

Having satisfied the first step, we next consider whether the trial court abused its discretion.  Kalish at ¶ 4.  We find no evidence that the trial court abused its discretion by sentencing Burrell to 30 years in prison.  Although Burrell argues the trial court considered evidence outside the charges he pled to, the trial court stated: "I also have to mention that I can only sentence you for what you pled guilty to.  I cannot sentence you for any crimes that you were not charged with and that were dismissed.  I cannot sentence you for anything that may have happened that we don't know about.  I am limited to the five rapes." There is no evidence that the trial court did not abide by the above statements.

14

Moreover, as part of Burrell's plea agreement, he was aware he would receive a minimum of 25 years, but that the trial court could sentence him to more.  Burrell, himself, stated at the sentencing hearing, "25 years ain't enough.  If they hate me like that, my sisters, Nici, my cousins, I don't deserve no 25 years.  * * * I wish you would have found me sooner.  25 years ain't nothing." Tr. 36.  Even he conceded he deserved more time than 25 years in prison.  Accordingly, Burrell's fourth and fifth assigned errors are overruled.

Consecutive Sentences
In his final assigned error, Burrell argues that the trial court failed to make the necessary required findings to justify the imposition of consecutive sentences.  Although he recognizes that the Ohio Supreme Court in Foster, excised those statutory provisions that required judicial fact finding before imposing consecutive sentences, he argues that the United State's Supreme Court decision in Oregon v. Ice (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, essentially overruled Foster.  The Ohio Supreme Court recently rejected this argument and held that trial courts are not obligated to engage in judicial fact finding prior to imposing consecutive sentences.  See State v. Hodge, 128 Ohio St.3d 1, 2010–Ohio–6320, 941 N.E.2d 768. Accordingly, Burrell's sixth assigned error is overruled.

(Doc. 7, RX 8, at 6-9; Burrell, 2011 WL 2112736, at *3-*4.)

Burrell argues that the state court did not adequate address "the sentencing by the [trial] court based on judicial factfinding."  (Doc. 8, at 8.)  He states that the court "made an arbitrary determination" in sentencing him to thirty years, "based on facts neither alleged in the indictment nor admitted by petitioner at the time of his plea." Id.  Burrell also contends that "there was an entire absence of any judicial consideration of the required statutory considerations which have to be considered at sentencing." Id. at 12.

Generally, a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  Howard

15

v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003); Allsup v. Sheldon, No. 3:11CV2210, 2013 WL 3200641, at *18 (N.D. Ohio June 24, 2013); Carter v. Rapelje, Civ. No. 10–11320, 2013 WL 2371702, at *6-*7 (E.D. Mich. May 30, 2013). Federal habeas relief is not available for a claimed error of state law.  Lewis, 497 U.S. at 780; Howard, 2003 WL 22146139, at *2; Harlin v. Ray, No. 3:12CV535, 2013 WL 655052, at *1-*2  (E.D. Tenn. Feb. 21, 2013).  A federal habeas court only considers an alleged state court sentencing error if it violates a petitioner's federal constitutional right to due process or equal protection.  Allsup, 2013 WL 3200641, at *18.

Burrell argues that due process requires a court to follow the proper statutory procedure.  (Doc. 8, at 9.)  The Ohio Supreme Court in State v. Foster noted that two sections of the Ohio Revised Code, Sections 2929.11 and 2929.12, "apply as a general judicial guide for every sentencing."  State v. Foster, 109 Ohio St.3d 1, 12, 845 N.E.2d 470, 484 (2006), cert. denied, 549 U.S. 979 (2006)  However, the court pointed out:  "It is important to note that there is no mandate for judicial fact-finding in the general guidance statutes.  The court is merely to 'consider' the statutory factors."  Id. at 14, 845 N.E.2d at 485.  The sentencing judge here did so:  "The court considered all required factors of the law.  The court finds that prison is consistent with the purpose of R.C. 2929.11."  (Doc. 7, RX 4.)  The state court of appeals found that the trial court properly considered the statutory factors.  (Doc. 7, RX 8, at 7; Burrell, 2011 WL 2112736, at *3.)

16

Burrell was convicted of rape, a first degree felony, in violation of Ohio Rev. Code § 2907.02(A)(1)(b), for which he could have received a sentence of three to ten years (for each count).  See, e.g., doc. 7, RX 16, at 5, 15.  Under the five counts of which Burrell was convicted, then, he could have received a maximum sentence of fifty years imprisonment.  Instead, he received a sentence of six years for each conviction, for a total of thirty years.  (Doc. 7, RX 16, at 38-39; RX 4.)  Thus, his sentence did not exceed the maximum permitted under the Ohio Revised Code.  The state court of appeals found that because the trial court imposed a sentence within the statutory range, the sentence was not contrary to law.  (Doc. 7, RX 8, at 7; Burrell, 2011 WL 2112736, at *3.)

In addition, the U.S. Supreme Court recently ruled that the Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences.  Oregon v. Ice, 555 U.S. 160 (2009); Adams v. Kelly, No. 4:09CV137, 2009 WL 5061766, at *11 (N.D. Ohio Dec. 15, 2009); Shie v. Smith, No. 1:08CV194, 2009 WL 385617, at *3 (N.D. Ohio Feb. 13, 2009); see also State v. Bates, 118 Ohio St.3d 174, 179, 887 N.E.2d 328, 333 (2008) (trial court has discretion to determine whether prison sentence within statutory range shall run consecutively).  The Court also found that "judicial factfinding to determine whether consecutive sentences should be imposed does not violate Apprendi/Blakely." Schaub v. Brunsman, No. 1:08CV2522, 2009 WL 2143746, at *4 n.2 (N.D. Ohio July 16, 2009) (citing Oregon v. Ice).

17

Burrell has not established that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  The petition should not be granted on the basis of the third ground.

## V.  SUMMARY

For the reasons discussed above, the petition for a writ of habeas corpus should be denied.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   Jan. 22, 2014           /s/ Kenneth S. McHargh
                                         Kenneth S. McHargh
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).