**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LEBRIAN BURRELL, ) | CASE NO. 1:12CV2233 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| KEITH SMITH, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Lebrian Burrell's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted by the January 2009 Term of the Cuyahoga County, Ohio Grand Jury on seventeen counts of Rape and one count of Gross Sexual Imposition, all with Sexually Violent Predator Specifications, and eighteen counts of Kidnapping with Sexual Motivation and Sexually Violent Predator Specifications.  On June 1, 2010, Petitioner entered pleas of guilty to five counts of Rape.  Each Rape count was amended to delete the Sexually Violent Predator Specification.  On July 8, 2010, Petitioner was sentenced to consecutive six year terms for each count for an aggregate term of thirty years incarceration.

On August 5, 2010, Petitioner filed an Appeal to the Eighth District Court of Appeals. On May 26, 2011, the Court of Appeals overruled all assignments of error except the one pertaining to court costs and remanded the case to the trial court for Petitioner to seek a waiver of the costs.  On June 6, 2011, Petitioner filed an Application for Reconsideration in the Court of Appeals.  June 21, 2011, the Court of Appeals denied the Application for Reconsideration. On August 1, 2011, Petitioner appealed to the Ohio Supreme Court.  On November 16, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the Appeal as not involving any substantial constitutional question.

Petitioner filed the instant Petition on August 31, 2012, asserting the following grounds for relief:

**GROUND ONE:** SIXTH AND FOURTEENTH AMENDMENT.

**Supporting FACTS**: Petitioner entered pleas of guilty to various counts of a multi-count indictment. At no time did the court determine that petitioner understood the nature of the offenses and thus he was denied due process of law.

**GROUND TWO:** FOURTEENTH AMENDMENT.

2

**Supporting FACTS:** Petitioner entered pleas of guilty to various counts of the indictment. However the court, in accepting petitioner's plea failed to advise petitioner as the effect of a plea of guilty which, under the law, would be a complete admission of guilt.

**GROUND THREE:** SIXTH AMENDMENT.

**Supporting FACTS:** Petitioner's sentence was based upon the court making an arbitrary consideration and based on facts neither alleged in the indictment nor admitted by petitioner at the time of his pleas. In addition, the court improperly imposed a consecutive sentence without proper findings.

On August 31, 2012, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Amended Report and Recommendation on January 22, 2014.[1] On March 6, 2014, Petitioner filed Objections and Exceptions to the Report and Recommendation of the Magistrate Judge.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court

---

[1] The first Report and Recommendation, filed on the same day, stated that this Petition arose out of Petitioner's conviction for Rape and Kidnapping. The Amended Report states the conviction was for Rape.

3

decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In Grounds One and Two Petitioner challenges the validity of his guilty pleas. Petitioner asserts that the trial court did not determine if he understood the nature of the offenses or the effect of a plea of guilty. The Magistrate Judge thoroughly examined the Court of Appeals rejection of these claims.

The Court of Appeals found that the totality of the circumstances indicated that Petitioner understood the charges against him. Petitioner was explained the rights he would be waiving and instructed by the trial court to interrupt the proceedings if there was anything he did not understand. Petitioner was advised of his constitutional rights. The court read the indictments for the five counts of Rape, then asked Petitioner how he would plea. Petitioner then pled guilty, giving no indication that he was confused about the events.

The Court of Appeals found that although the trial court did not advise Petitioner

that the effect of his guilty plea was a complete admission of guilt, the error was harmless. Petitioner never asserted his innocence nor indicated that he was not aware of the consequences of pleading guilty. In his Objections, Petitioner contends that the Court of Appeals glossed over Petitioner's claim that the plea was not knowingly, intelligently or voluntarily entered. This assertion is without merit. The Magistrate Judge notes that the Court of Appeals addressed the issue and found the trial court did not err in accepting Petitioner's plea. Petitioner has not shown any prejudice from the omission.

In the Report and Recommendation, the Magistrate Judge points out the Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly and intelligently is constitutionally valid. *DeSmyther v. Bouchard*, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam,) cert. denied, 544 U.S. 921 (2005) (citing *Brady v. United States*, 397 U.S. 742 (1970)). See generally *Parke v. Raley*, 506 U.S. 20, 28-29 (1992) (beyond dispute that plea must be knowing and voluntary); *North Carolina v. Alford*, 400 U.S. 25 (1970); *Boykin v. Alabama*, 395 U.S. 238 (1969). Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*DeSmyther*, 2004 WL 1921182 (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)).

In his Objections and Exceptions to the Report and Recommendation, Petitioner

5

claims that because none of the rape victims were identified on the record he did not have adequate notice as to who the victims were. Petitioner also claims that the court did not explain the nature of the sexual conduct. These objections are without merit.

The Court agrees with the Magistrate Judge that the record establishes that Petitioner discussed the charges with his attorney before entering his guilty plea. Under those circumstances, "it is appropriate to presume that defense counsel explained the nature of the offense in sufficient detail to give [defendant] notice of what he was asked to admit." *Whitley v. Lecureux*, 811 F.2d 608, 1986 WL 18487, at *2 (6th Cir. 1986) (TABLE, text in WESTLAW) (per curiam) (citing *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984); *Henderson v. Morgan*, 426 U.S. 637, 647 (1976)). See also *Moviel v. Smith*, No. 1:08CV1612, 2010 WL 148141, at *8-*9 (N.D. Ohio Jan. 12, 2010) (citing *Henderson*), aff'd, No. 10-3334, 2012 WL 1940321 (6th Cir. May 29, 2012); *West v. Bradshaw*, No. 1:06CV1123, 2007 WL 2780506, at *7-*8 (N.D. Ohio Sept. 24, 2007) (presumed to have been informed adequately by counsel of charge "even when the record is devoid of an explanation of the charge by the judge").

Petitioner claims he was unaware of the effect of his pleading guilty. A review of the record shows that Petitioner was informed of the rights he was giving up, the penalties for the offenses and the agreed minimum term of imprisonment and stated that he understood. Petitioner also indicated that he understood the post release control and the sexual offender registration requirements.

The Magistrate Judge concluded that although Petitioner claims that the state court did not properly inform him concerning the effect of his pleas as required by Ohio Crim. Rule 11(B)(2), that is an alleged error of state law, which is not properly before

6

this court. Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. The Court of Appeals found that the trial court satisfied the constitutional requirements for accepting a plea. Therefore, the Court finds that Petitioner has not established that the Court of Appeals decision is contrary to, or involved an unreasonable application of, clearly established federal law. Grounds One and Two are denied.

In Ground Three, Petitioner challenges his sentence. In the Report and Recommendation, the Magistrate Judge thoroughly reviewed the Court of Appeals decision regarding Petitioner's alleged Sixth Amendment violation. The Court of Appeals found that the trial court considered the seriousness and recividism factors and did not abuse its discretion. Petitioner's thirty year sentence was within the statutory range. The trial court stated on the record that the sentence was based on only those charges in the plea agreement and not those that were dismissed or not charged.

The Court of Appeals found that Petitioner's challenge of his consecutive sentence was without merit. The Magistrate Judge points out that the U.S. Supreme Court recently ruled that the Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences. *Oregon v. Ice*, 555 U.S. 160 (2009); *Adams v. Kelly*, No. 4:09CV137, 2009 WL 5061766, at *11 (N.D. Ohio Dec. 15, 2009); *Shie v. Smith*, No. 1:08CV194, 2009 WL 385617, at *3 (N.D. Ohio Feb. 13, 2009); see also *State v. Bates*, 118 Ohio St.3d 174, 179, 887 N.E.2d 328, 333 (2008) (trial court has discretion to determine whether prison sentence within statutory range shall run consecutively).

7

Petitioner could have received three to ten years for each of the five counts, a maximum of fifty years. The court sentenced him to six years on each count, a total of thirty years. The sentence did not exceed the maximum permitted under the Ohio Revised Code. In Petitioner's Objections, he points to §2929.11 of the Ohio Revised Code:

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender and making restitution to the victim of the offense, the public or both. *** A sentence ... [must be] commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

In this case, the trial court clearly considered the statutory factors for a crime of rape: protecting the public from future crimes by the offender, a need to incapacitate the offender and a sentence commensurate with the seriousness of the conduct and the impact on the victim. The Court agrees with the Magistrate Judge that the Court of Appeals' decision to overrule the appeal of Petitioner's sentence was not an unreasonable application of clearly established federal law. Therefore, Ground Three is denied.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial

of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:3/24/2014                      s/Christopher A. Boyko
                                  CHRISTOPHER A. BOYKO
                                  United States District Judge